# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT
# WESTERN DIVISION

**UNITED STATES OF AMERICA**            CASE NO. 3:11-CR-037

    **Plaintiff**

-vs-                                    JUDGE THOMAS M. ROSE

**NANCY HURLEY**

    **Defendant**

---

### ENTRY AND ORDER DENYING DEFENDANT'S MOTION
### FOR ACQUITTAL (FCR 29)

---

    This matter came before the Court for trial to the Court and pursuant to Defendant's oral motion for a Rule 29 acquittal made at the conclusion of the Government's case and then renewed at the conclusion of all evidence. Defendant asserts that there is insufficient evidence presented upon which a rational trier of fact could find the Defendant guilty of a violation of 18 U. S. C. §1920.  Specifically, the Defendant argues there was insufficient evidence to find that the Defendant knowingly and willfully made at least one materially false, fictious and fraudulent statement and representation in connection with her application for benefits under Title 5, U.S.C. § 81, Subchapter I.

    Defendant's first prong of said Motion is that there was no showing that her statements were knowingly, willfully false or fraudulent , done intentionally and voluntarily and not because of mistake or other reason.

    The evidence presented to the Court does indeed show statements which could be found by a rational trier of fact  were knowingly, willfully false and/or fraudulent,  done intentionally and voluntarily.  The record is clear that Defendant did participate in a conspiracy to dispense and distribute Oxycodone (Oxycontin) and Methadose (Methadone),  Schedule II controlled substances,

Hydrocodone (Vicodin), a Schedule III controlled substance and Alprazolam (Xanax), a Schedule IV controlled substance.  On June 18, 2009, the Defendant pled guilty to this conspiracy pursuant to a plea agreement.

The specifics of that case, as shown by the evidence presented,  were that Defendant, during a significant part of 2007  acquired illegal prescriptions from one Dr. Richard Sievers at Walnut Hills Family Care located at 1900 Wayne Avenue, Dayton, Ohio.   Defendant was responsible for and plead guilty to obtaining at least one hundred thirty seven (137) fraudulent prescriptions from Sievers which she personally used and/or sold for profit.  She specifically admitted that while keeping twenty pills per fraudulent prescription she would sell the remaining quantity.  She sold Alprazolam (Xanax) for $2.75 per pill, Hydrocodone (Vicodin) for $3.50 per pill, Oxycodone (Oxycontin) for $25.00 per pill, Carisoprodol (Soma) for $2.00 per pill and Methadose (Methadone) for $11.00 per pill.

Defendant had, prior to this conspiracy, in August of 1995, filed a claim under the Federal Employees Compensation Act (FECA) with the U.S. Department of Labor Office of Worker's Compensation Programs for an injury which occurred during her employment with the United States Postal Service.  Defendant's claim was granted and she received benefits for total disability as a result of her injury based on her pay rate on the date of the injury. Subsequently, she returned to work in April 2005 but reinjured herself, filed a second claim under FECA and again received wage loss compensation benefits as a result of her injuries in 1995 and 2005.

Defendant, as a condition for receiving these benefits for the 1995 and 2005 work related injuries, was required to complete, sign and return certain forms (Form CA-1032) to the Employment Standards Administration Office of Worker's Compensation Program, P.O. Box 8300, District 9 CLE, London, Kentucky 40742-8300.  On four separate occasions,  Defendant  completed, signed and submitted a Form CA-1032 with regard to her two claims and the resulting benefits.

Defendant, on September 15, 2007 and September 9, 2008, personally completed Form CA-1032 related to her 1995 claim and on September 12, 2007 and September 9, 2008 personally completed Form CA-1032 related to her 2005 claim. In all four instances, Defendant responded that she had no earnings or employment to report for the preceding fifteen month periods.

Although the evidence reflects that Defendant was not formally employed during this time period, it is clear that Defendant earned and received monies from the conspiracy that took place from January through September 2007.

These facts, as contained in the stipulations to the Court and the testimony of Agent Dratt as well as Defendant's testimony and plea to the conspiracy leaves no doubt that she was in fact involved in the drug conspiracy and profited therefrom.

Defendant, although admitting that she profited from her dealings and conspiracy, she did not report said profit and in fact asserted on the Form CA-1032 that she indeed had no earnings. "Earnings" are revenue (money) gained from labor or services. "Labor" is work of any type, while "serve" is to meet the needs of another. The evidence presented to the Court when viewed in a light most favorable to the Government was sufficient for a rational trier of fact to find that the Defendant did knowingly and/or willfully make false or fraudulent statements and did so intentionally and voluntarily and not because of mistake or other reason, while applying for her benefits under Title 5, U.S.C. §81, Subchapter I.

Regarding the Defendant's second prong of her Motion to Dismiss, the Court also finds this argument to be lacking merit. Defendant argues that the forms (Form 1032) signed by Defendant on four (4) separate occasions do not contain language critical to serve as a warning for a criminal conviction required by 18 U.S.C. §1920. Defendant asserts that without a specific warning of "under penalty of perjury" contained in the document signed by the Defendant she cannot be convicted of a violation of 18 U.S.C. §1920.

Defendant argues that unsworn declarations of perjury, as she asserts these four (4) statements/representations constituted , are "controlled" by 28

U.S.C. §1746 (2).  Further, she asserts that these statements/representations to be a perjury violation must be made after an individual is given a warning, substantially in the following form:  "I declare or certify, verify or state under penalty of perjury".  Since these forms executed by the Defendant had no such language, Defendant asserts that her statements and/or representations cannot be the basis of a criminal conviction.

The charge against the Defendant is a violation of False Statement or Fraud to Obtain Federal Employees Compensation  pursuant to 28 U.S.C. §1920 and not Unsworn Declarations Under Penalty of Perjury pursuant to  28 U.S.C. §1746.

Section 1920 does not require that the statement be made after a warning that the statement or representation is made under penalty of perjury.  While the Defendant is correct that  28 U.S.C. §1746 does include an element of a warning statement, to read that requirement into 28 U.S.C. §1920, where it does not exist, would make surplusage of Congress's use of that requirement in other statutes, such as 28 U.S.C. §1746.

In an analogous situation involving an alleged  violation of 18 U.S.C. §1920, the Sixth Circuit Court of Appeals ruled that to read an oath requirement, as exists in 18 U.S.C. §1624,  into 18 U.S.C. §1920, where the term does not exist would make it surplusage of Congress's use of that requirement in other statutes , such as 18 U.S.C. §1624, the general perjury statute, that had an oath requirement as an element for criminal liability.  *United States v. Smith*, 27 Fed. Appx. 292, 2001 WL 1299253 (C.A. 6 (Ky)).  The Court finds the Defendant's second branch of her Motion is not well founded.

Therefore, the Court DENIES Defendant's Motion to Dismiss pursuant to Criminal Rule 29.

IT IS SO ORDERED.

April 9, 2012                                             *s/THOMAS M. ROSE

---

**JUDGE THOMAS M. ROSE**