IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT
WESTERN DIVISION

UNITED STATES OF AMERICA	CASE NO. 3:11-CR-037

    Plaintiff

-vs-	JUDGE THOMAS M. ROSE

NANCY HURLEY

    Defendant

---

# VERDICT

---

This matter came on for trial to the Court on November 10 and 18, 2012, pursuant to Defendant's written and filed Waiver of Trial by Jury ( Doc 13). Defendant was charged by way of Indictment with knowingly and willfully making at least one materially false, fictitious and fraudulent statement and representation in connection with the application for and receipt of federal work injury compensation, benefits, and payments under Title 5, U.S.C. § 81, Subchapter I. Specifically that she represented that she was unemployed and not self-employed or engaged in any type of business enterprise, when in fact, she knew she was actively involved in the business of selling prescription drugs and controlled substances for personal profit in the Dayton, Ohio area in violation of Title 18, United States Code, § 1920.

    The evidence presented to the Court does show statements which beyond a reasonable doubt were knowingly, willfully false and/or fraudulent, done intentionally and voluntarily. The record is clear that Defendant did participate in a conspiracy to dispense and distribute Oxycodone (Oxycontin) and Methadose (Methadone), Schedule II controlled substances, Hydrocodone (Vicodin), a Schedule III controlled substance and Alprazolam (Xanax), a

Schedule IV controlled substance. On June 18, 2009, prior to this trial to the Court the Defendant pled guilty to this conspiracy pursuant to a plea agreement.

The specifics of that case, as shown by the evidence presented, were that Defendant, during a significant part of 2007 acquired illegal prescriptions from one Dr. Richard Sievers at Walnut Hills Family Care located at 1900 Wayne Avenue, Dayton, Ohio. Defendant was responsible for and plead guilty to obtaining at least one hundred thirty seven (137) fraudulent prescriptions from Sievers which she personally used and/or sold for profit. She specifically admitted that while keeping twenty pills per fraudulent prescription she would sell the remaining quantity. She sold Alprazolam (Xanax) for $2.75 per pill, Hydrocodone (Vicodin) for $3.50 per pill, Oxycodone (Oxycontin) for $25.00 per pill, Carisoprodol (Soma) for $2.00 per pill and Methadose (Methadone) for $11.00 per pill.

Defendant , prior to the conspiracy, in August of 1995, had filed a claim under the Federal Employees Compensation Act (FECA) with the U.S. Department of Labor Office of Worker's Compensation Programs for an injury which occurred during her employment with the United States Postal Service. Defendant's claim was granted and she received benefits for total disability as a result of her injury based on her pay rate on the date of the injury. Subsequently, she returned to work in April 2005 but reinjured herself, filed a second claim under FECA and again received wage loss compensation benefits as a result of her injuries in 1995 and 2005.

Defendant, as a condition for receiving these benefits for the 1995 and 2005 work related injuries, was required to complete, sign and return certain forms (Form CA-1032) to the Employment Standards Administration Office of Worker's Compensation Program, P.O. Box 8300, District 9 CLE, London, Kentucky 40742-8300. On four separate occasions, the evidence shows that Defendant completed, signed and submitted a Form CA-1032 with regard to her two claims and the resulting benefits.

Specifically, Defendant, on September 15, 2007 and September 9, 2008, personally completed Form CA-1032 related to her 1995 claim and on

September 12, 2007 and September 9, 2008 personally completed Form CA-1032 related to her 2005 claim. In all four instances, Defendant responded that she had no earnings or employment to report for the preceding fifteen month periods.

Although the evidence reflects that Defendant was not formally employed during this time period, it is clear that Defendant earned and received monies from the conspiracy that took place from January through September 2007.

These facts, as contained in the stipulations to the Court and the testimony of Agent Dratt as well as Defendant's testimony and plea to the conspiracy, including the factual statement leaves no reasonable doubt that she was in fact involved in the drug conspiracy and profited therefrom.

Defendant, although admitting that she profited from her dealings and conspiracy, she did not report said profit and in fact asserted on the multiple forms ( Form CA-1032 ) that she indeed had no earnings. "Earnings" are revenue (money) gained from labor or services. "Labor" is work of any type, while "serve" is to meet the needs of another. The evidence presented to the Court was sufficient for this Court to find beyond a reasonable doubt that the Defendant did knowingly and/or willfully make false or fraudulent statements and did so intentionally and voluntarily and not because of mistake or other reason, while applying for her benefits under Title 5, U.S.C. §81, Subchapter I, in violation of Title 18 United States Code, §1920.

The Defendant's argument to the Court that the forms (Form 1032) signed by the Defendant on the four (4) separate occasions do not contain language critical to serve as a warning for a criminal conviction required by 18 U.S.C. §1920 the Court finds lacks merit. Defendant asserts that without a specific warning of "under penalty of perjury" contained in the document signed by the Defendant she cannot be convicted of a violation of 18 U.S.C. §1920.

Defendant argues that unsworn declarations of perjury, as she asserts these four (4) statements/representations constitute, are "controlled" by the 28 U.S.C. §1746 (2). Further, she asserts that these statements/representations to be a criminal violation must be made after an individual is given a warning,

substantially in the following form: "I declare or certify, verify or state under penalty of perjury". Since these forms executed by the Defendant had no such language, Defendant asserts that her statements and/or representations cannot be the basis of a criminal conviction.

However, the charge against the Defendant is a violation of False Statement or Fraud to Obtain Federal Employees Compensation pursuant to 28 U.S.C. §1920 and not a charge of Unsworn Declarations Under Penalty of Perjury pursuant to 28 U.S.C. §1746.

Section 1920 does not require that the statement be made after a warning that the statement or representation is made under penalty of perjury. While the Defendant is correct that a violation of 28 U.S.C. §1746 does require an element of such a warning statement, to read that requirement into 28 U.S.C. §1920, where it does not exist, would make surplusage of Congress's use of that requirement in other statutes, such as 28 U.S.C. §1746.

In an analogous situation involving an alleged violation of 18 U.S.C. §1920, the Sixth Circuit Court of Appeals ruled that to read an oath requirement, as exists in 18 U.S.C. §1624, into 18 U.S.C. §1920, where the term does not exist would make it surplusage of Congress's use of that requirement in other statutes , such as 18 U.S.C. §1624, the general perjury statute, that had an oath requirement as an element for criminal liability. *United States v. Smith*, 27 Fed. Appx. 292, 2001 WL 1299253 (C.A.6(Ky)).

Therefore, the Court finds Defendant GUILTY , beyond a reasonable doubt, of during the period on or before September 12,2007 through September 9, 2008, in the Southern District of Ohio, in a matter within the jurisdiction of the United States Department of Labor, knowingly and willfully making at least one materially false, fictitious, and fraudulent statement and representation in connection with her applications for and receipt of federal work injury compensation, benefits, and payments under Title 5, United States Code, Chapter 81, Subchapter I, in representing that she was not self-employed or engaged in any type of business enterprise, when in fact she was actively involved in the business of selling prescription drugs and controlled substances

for personal profit in the Dayton, Ohio area, in violation of Title 18, United States Code 1920.

        IT IS SO ORDERED.

April 9, 2012                                *s/THOMAS M. ROSE*

                                                _____
                                                  **JUDGE THOMAS M. ROSE**